UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

FRANCES LOUISE CAIN                              CIVIL ACTION

VERSUS                                           NO. 19-10300

BP EXPLORATION                                   SECTION "J" (2)
& PRODUCTION, INC. ET AL.

Related to:    12-968 BELO
               in MDL 10-2179

## REPORT AND RECOMMENDATION

Plaintiff, Frances Louise Cain, was employed as a clean-up worker along the Gulf coast and resided in Carthage, Mississippi, after the BP/Deepwater Horizon explosion and oil spill on April 20, 2010. Record Doc. No. 1 at ¶ 4. She filed this complaint pursuant to the Back-End Litigation Option ("BELO") provisions of the BP/Deepwater Horizon Medical Benefits Class Action Settlement Agreement ("Medical Settlement Agreement"). Record Doc. Nos. 6427-1 and 8218 in MDL No. 10-md-2179.

Cain seeks compensatory damages and related costs for later-manifested physical conditions (as defined in the Medical Settlement Agreement) that she allegedly suffered as a result of exposure to substances released after the oil spill. Record Doc. No. 1 at ¶¶ 10–17. Specifically, her complaint asserts the following seven (7) conditions: reactive airways dysfunction syndrome, chronic damage to surrounding structures, chronic rhinosinusitis, chronic damage to cornea, chronic damage to conjunctiva, chronic eczematous reaction at the site of contact and chronic obstructive pulmonary disease ("COPD"). Id. at ¶ 12.

Defendants, BP Exploration & Production, Inc. and BP America Production Company (collectively "BP"), moved to partially dismiss plaintiff's complaint, dismissing her claim for recovery for COPD for which she did not satisfy the Medical Settlement Agreement's conditions precedent before filing the instant lawsuit. Record Doc. No. 4. Local Rule 7.5 requires that a memorandum in opposition to a motion must be filed no later than eight (8) days before the noticed submission date. Plaintiff did <u>not</u> file an opposition memorandum. Therefore, the motion is deemed unopposed.

Having considered the motion, the complaint, the record, defendants' submissions and the applicable law, I recommend that BP's motion for partial dismissal be GRANTED and that the single claim in plaintiff's complaint concerning COPD be DISMISSED WITHOUT PREJUDICE, for the following reasons.

## <u>ANALYSIS</u>

The Medical Settlement Agreement is an unambiguous, binding contract that cannot be modified or altered without the express written consent of the Medical Benefits Class Counsel and BP's counsel. Record Doc. No. 6427-1 at § XXX(C) in MDL No. 10-md-2179. The BELO lawsuit process is the exclusive remedy for class members who seek compensation for later-manifested physical conditions, as defined in the Medical Settlement Agreement. <u>Id.</u> at § II(VV).

As a condition precedent to filing a BELO suit, a class member must submit a Notice of Intent to Sue to the Medical Settlement Agreement Claims Administrator (the "Claims

Administrator"). Upon confirming that the notice of intent to sue is compliant with the conditions precedent, the Claims Administrator must transmit the notice to BP. BP then has 30 days to decide whether to mediate the claim. If, as in this case, BP chooses not to mediate, the claimant must file her BELO lawsuit within six (6) months of being notified by the Claims Administrator of BP's election not to mediate. Id. at §§ VIII(A), (C)(1), (C)(2), (G)(1)(b).

BP moves to dismiss Cain's complaint insofar as it concerns the condition of COPD, pursuant to this court's BELO Cases Initial Proceedings Case Management Order ("CMO"). The CMO allows the parties to file a motion to dismiss without prejudice if the plaintiff fails "to complete the conditions precedent to filing such a complaint as required in the [Medical] Settlement Agreement." CMO, Record Doc. No. 3 in this action, Record Doc. No. 14099 in MDL No. 10-md-2179, at § IV(1)(A).

The Medical Settlement Agreement states in pertinent part:

> A MEDICAL BENEFITS SETTLEMENT CLASS MEMBER seeking compensation from BP for a LATER-MANIFESTED PHYSICAL CONDITION must submit a NOTICE OF INTENT TO SUE, . . . , to the CLAIMS ADMINISTRATOR. The NOTICE OF INTENT TO SUE and materials submitted therewith must be submitted to the CLAIMS ADMINISTRATOR within 4 years after either the first diagnosis of that LATER-MANIFESTED PHYSICAL CONDITION or the EFFECTIVE DATE, whichever is later.

Record Doc. No. 6427-1 at § VIII(A) in MDL No. 10-md-2179. A class member "may assert a claim against a BACK-END LITIGATION OPTION DEFENDANT in a BACK-END LITIGATION OPTION LAWSUIT only for the LATER-MANIFESTED PHYSICAL

CONDITION for which he or she timely submitted a NOTICE OF INTENT TO SUE." Id. at § VIII(G)(2)(a) (emphasis added).

The notice of intent to sue form attached to the Medical Settlement Agreement prompts class member claimants to provide information, including medical records or a physician's certification concerning the diagnosis, about every later-manifested physical condition for which a claim is being made. Record Doc. No. 6427-6 in MDL No. 10-md-2179. Without such information, the Claims Administrator cannot confirm that the notice of intent to sue satisfies certain requirements as to each claimed condition.

Plaintiff first submitted a notice of intent to sue on September 30, 2016, listing her later-manifested physical conditions as "Reactive Airways Dysfunction Syndrome (12/13/2013); Chronic Damage to Surrounding Structures (12/13/2013); Chronic Rhinosinusitis (12/13/2013); Chronic Damage to Cornea (12/13/2013); Chronic Damage to Conjunctiva (12/13/2013); Chronic Eczematous Reaction at the Site of Contact (12/13/2013); COPD (12/07/2013)." Record Doc. No. 4-6 at p. 4. By letter addressed to the Claims Administrator dated June 12, 2018, Cain amended her notice of intent to sue to withdraw the claimed later-manifested physical condition of COPD from her notice of intent to sue. Record Doc. No. 4-5 at p. 2.

On November 16, 2018, the Claims Administrator notified Cain of BP's refusal to mediate her claim for the conditions of reactive airways dysfunction syndrome, chronic rhinosinusitis and chronic eczematous reaction at the site of contact. Record Doc. No. 4-4 at p. 2. The Claims Administrator further notified plaintiff that BP did not provide a mediation

decision for her claim as to the conditions of chronic damage to surrounding structures, chronic damage to cornea and chronic damage to conjunctiva, because the medical records submitted by plaintiff did not reflect a diagnosis for these conditions. Id. Plaintiff then filed her BELO complaint in this court, alleging that she was diagnosed in December 2013 with the above-mentioned six (6) conditions referenced in the Notice of BP's Election Not to Mediate and the condition of COPD that she had expressly withdrawn from her notice of intent to sue. Record Doc. No. 1 at ¶ 12.

The plain terms of the Medical Settlement Agreement do not allow Cain to allege damages in this BELO lawsuit based on a physical condition without first including the condition in her notice of intent to sue and having it accepted by the Claims Administrator as a valid condition. Cain failed to meet the conditions precedent to filing a BELO complaint as to her alleged later-manifested physical condition of COPD.

### **RECOMMENDATION**

For all the foregoing reasons, it is **RECOMMENDED** that defendants' motion be **GRANTED** and that the single claim in plaintiff's complaint concerning COPD be DISMISSED WITHOUT PREJUDICE.

A party's failure to file written objections to the proposed findings, conclusions, and recommendation in a magistrate judge's report and recommendation within fourteen (14) days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court, provided that the party has been served with notice that such

consequences will result from a failure to object. Douglass v. United Servs. Auto. Ass'n, 79 F.3d 1415, 1430 (5th Cir. 1996) (en banc) (citing 28 U.S.C. § 636(b)(1)).[1]

New Orleans, Louisiana, this ____26th____ day of June, 2019.

JOSEPH C. WILKINSON, JR.
UNITED STATES MAGISTRATE JUDGE

---

[1]Douglass referred to the previously applicable ten-day period for the filing of objections. Effective December 1, 2009, 28 U.S.C. § 636(b)(1) was amended to extend the period to fourteen days.